MilligaN, J.,
delivered the opinion of the Court.
On the 26th day of January, 1861, James Wick-ersham sold, and, by deed, conveyed a lot of land, in the city of Memphis, to one Claiborne Deloach, in trust, to secure James M. Williamson in the payment of $3,505.34, evidenced by note, dated of the same day, and drawn payable to the order of W. B. Green-law & Co.,' at twelve months from date, at the branch of the Union Bank of Tennessee, at Memphis, and indorsed by said W. B. Greenlaw & Co., and Charles James.
*54 The conveyance is to Deloach and his heirs, and contains the ordinary stipulations, with power in the Trustee, in default of payment at the maturity of the note, to advertise and sell the lot conveyed, and apply the proceeds, after paying necessary costs and charges, to the satisfaction of the note, and pay over the remainder, if any, to Wicker'sham.
The note was not paid, at maturity, nor is it yet paid, or the purposes of the trust performed. The Trustee, Deloach, as it appears, is dead; and the beneficiaries in the trust deed, applied, by petition, to the County Court of Shelby county, for the ajipointment of “W. Gr. Rainey, or some other suitable person,” as Trustee, in the room and stead of Claiborne Deloach, deceased.
To this petition, James Wickersham alone was made a party defendant, who appeared and moved the Court, under the Act of Assembly, to dismiss the petition, on the ground that the heirs of the Trustee, De-loach, were not joined in the petition, and made defendants thereto.
The Court overruled the motion, and, by decree, appointed W. Gr. Rainey as Trustee in the place of Deloach; from which the defendant appealed in error, to this Court.
The single question presented in the record, is, whether or not the heirs of the Trustee are necessary parties. And this involves the necessity of ascer-' taining the character of the estate vested in the Trustee, and what became of the legal title to the trust property, at his death. The general and well estab- *55 lislied doctrine, in relation to trust estates, is, that the Trustee takes exactly that quantity of interest which the purposes of the trust require. The question ' is not whether the language of the instrument creating the trust is such as to limit the estate or carry the inheritance; hut whether the exigencies of the trust demand the fee simple, or can be satisfied by any, and what less estate ? It is well settled that if the duties imposed upon the Trustee, or the purposes of the trust ■ require only an estate per autre vie, to be vested in him, his legal interest will be cut down to that extent, notwithstanding the express limitations to him in fee: Ellis vs. Fisher, 3 Sneed, 231; 1 Head, 63; Hill on Trustees, 248.
Such being the general character of trust estates, it would seem that no uniform rule can be declared which would be strictly applicable to all cases. Each case must depend upon the nature and purposes of the trust; and the parties necessary to be before the Court, in an application of this character, determined by the purposes of the trust, and the estate demanded to satisfy it.
In the case now before the Court, the naked legal title, on the death of the Trustee, as a matter of course, ceased to exist in him. It could not remain in abeyance, nor could it revert to the original grantor, or pass to the cestui que trust. It must, therefore, of necessity, have passed to the heirs of Deloach, subject to be divested on the appointment of his successor: Woolridge et al. vs. The Planters’ Bank, 1 Sneed, 297.
*56 In this case, the object-and purposes of the trust demand the title in fee. Nothing less will satisfy them; and the estate conveyed cannot be cut down to a less estate than which would satisfy the trust.
The Act of Assembly appears to favor this view. By the Code, sec. 3662, it is provided that the Court, in all cases of the resignation or removal of a Trustee, shall vest and divest the 'title to the property in the successor. And by sec. 3663, it is declared: Upon the death of a Trustee, a new Trustee may be appointed, on application of the beneficiaries, by petition — making all necessary parties. Thus leaving each case to be determined by the nature, character and purposes of the trust.
We think there is, therefore, error in the record, and the decree of the Court will be reversed; and the case remanded, with leave to make additional parties.